**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**


**ROBERTA LONOAEA, ET AL.**                                                    **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 2:07CV225-MPM-DAS**

**CORRECTIONS CORPORATION OF**
**AMERICA, ET AL.**                                                            **DEFENDANTS**


## <u>ORDER</u>


Before the Court are plaintiff's motion (doc. 25) to compel Rule 26(a)(1)(A)(i)

disclosures and for sanctions and supporting memorandum (doc. 26); defendants' response (doc.

27); and plaintiff's reply (doc. 28).

As part of initial disclosures, defendants produced the names of 52 current and former

employees of Defendant Corrections Corporation of America ("CCA") as potential witnesses.

However, defendants withheld the addresses and phone numbers of all current employees and

former supervisory employees, indicating that these individuals could be contacted instead

through defense counsel.  Defendants indicated, however, that the disclosures would be

supplemented with the last known address and phone information of former non-supervisory

employees.

Plaintiff now seeks an order compelling disclosure of phone and address information for

each category of employee under the plain language of Rule 26(a)(1)(A)(i).  In opposition

defendants assert, *inter alia*, that the personal contact information of current and former

correctional employees should be protected from disclosure for security reasons and that plaintiff

is not entitled to "unfettered access" to certain CCA employees.

Having fully considered the parties' positions, there is an actual issue with regard to former supervisory employees only. Indeed, plaintiff states she does not intend to make any *ex parte* contact with current employees of CCA (Pl.'s Reply Brief n. 7); defendants have offered to secure the presence of current employees for informal interviews and depositions in the presence of defense counsel; and defendants have promised to supplement their disclosures with the address and phone information of former non-supervisory employees once located.

The Court finds first and foremost that defendants' security concerns with regard to all CCA employees, current and former, are valid. And, to the extent that disclosure of such information is not necessary, the court will not compel it. As such, the court is of the opinion that defendants' objections to disclosure of the information should be sustained only with regard to Sgt. Charles Jackson, a former employee who's actions as alleged in the complaint could be imputed to CCA for liability purposes. And, because defendants are willing to secure Sgt. Jackson's appearance for both an informal interview in the presence of defense counsel and for a deposition, there is no need to compel the disclosure of his personal contact information.

However, the circumstances dictate a different result as regards other former supervisory employees. First, the Court rejects defendants' argument that the addresses and phone numbers of former supervisory employees should be withheld because their statements could be deemed admissions by CCA (Def.'s Response p. 8). *See Durham v. Advance Stores Co., Inc.*, No. 3:04cv199 HTW-LRA, 2007 WL 2903206, at *1-2 (S.D. Miss. Sept. 30, 2007). And, because defendants are more than willing to produce the addresses and phone numbers of former non-supervisory employees, they should have no other reservations about producing the information for former supervisory employees. Accordingly, the plaintiff's motion with respect to other

former supervisory employees will be granted.

Lastly, having given due consideration to plaintiff's request for sanctions, the court is of the opinion that the circumstances do not justify imposition of the same.

**THEREFORE, IT IS ORDERED:**

1.  That plaintiff's motion to compel is granted in part.

2.  That the parties shall, within five (5) days of the date of this order, submit a proposed agreed protective order governing the disclosure of the last known phone numbers and addresses of all *former* CCA employees, except Sgt. Jackson, listed in defendants' initial disclosures as potential witnesses.

3.  That within five (5) days of entry of an appropriate protective order, defendants shall supplement their initial disclosures with the aforementioned information.

**THIS** 24th day of July, 2008.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE